Peter L. Carr, IV (SBN 256104)
Na'Shaun L. Neal (SBN 284280)
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone: (310) 400-5890
Facsimile:  (310) 400-5895
pcarr@thePLClawgroup.com
nneal@thePLClawgroup.com
Attorneys for Plaintiffs,
S.W., a minor, by and through her guardian ad litem,
RASHUNDA PITTS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.W., a minor, by and through her guardian ad litem, RASHUNDA PITTS, <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity, AMY DIAZ, individually and in her official capacity an educator with LOS ANGELES UNIFIED SCHOOL DISTRICT; CHRISTIAN VILLANUEVA, individually and in his official capacity an educator with LOS ANGELES UNIFIED SCHOOL DISTRICT and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No: 2:19-cv-1702 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br> 1. Violation of 42 U.S.C. § 1983 (Civil Rights Act of 1964) <br> 2. Violation of 42 U.S.C. § 1983 (Equal Protection Clause) <br> 3. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983) <br> 4. Violation of Equal Protection Clause of the California Constitution (42 U.S.C. § 1983) <br> 5. Violation of the California Civil Code § 51 (Unruh Act) <br> 6. Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1) <br> 7. Negligence |

Plaintiff S.W., by and through her Guardian Ad Litem, Rashunda Pitts, complain of Defendant BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT ("BOARD OR LAUSD"), a public entity; AMY DIAZ, individually and in her official capacity an educator with LOS ANGELES UNIFIED SCHOOL DISTRICT, CHRISTIAN VILLANUEVA, individually and in her official capacity an educator with LOS ANGELES UNIFIED SCHOOL DISTRICT and DOES 1-10, inclusive, as follows:

## JURISIDICTION AND VENUE

1. This is an action brought pursuant to the laws of the United States of America, to wit: 20 U.S.C. §1400 *et seq*; 42 U.S.C. §1983, 42 U.S.C.§1988, and California Civil Code §51 (The Unruh Act). The jurisdiction of this Court is predicated upon the above and 28 U.S.C. §1331. The amount in controversy exceeds the sum of seventy-five thousand dollars exclusive of interest and costs. Plaintiffs also assert that inherent in the enforcement powers of the Fourteenth Amendment, specifically §5 thereof, Congress has granted this Honorable Court, the power and ability to abrogate any and all immunity claims or defenses advanced by Defendants in order to perfect and maintain Plaintiffs' right guaranteed Constitutional and civil rights.

2. This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a), because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3. The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4. On or about November 13, 2017, Plaintiff filed a timely Governmental Claims for Damages before the Los Angeles County Board of Education. As of the

filing of this complaint, neither the Board of Education for LAUSD nor its third-party administrator has rejected Plaintiff's governmental claim.

## PARTIES

5. At all relevant times herein, Guardian ad Litem Rashunda Pitts is the biological parent of minor S.W (hereinafter "S.W." or collectively with parent as "PLAINTIFS"). Plaintiffs have always resided within the jurisdictional boundaries of Defendant LAUSD. S.W. is currently 14 years old.

6. At all times relevant, DEFENDANT BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED SCHOOL DISTRICT (hereinafter "BOARD") was and is a legal entity for purposes of suit within the State of California. BOARD is duly authorized and empowered to make and enforce policies and procedures to effectuate the legal mandates of the law, specifically the relevant provisions of the IDEA, California Education Code, California Government Code, California Health and Safety Code, California Business and Professions Code and the California Penal Code. BOARD receives federal money intended to benefit DISTRICT's special education students. In order to receive federal funds, BOARD, on behalf of DISTRICT must promise not to discriminate against any special education student and to uphold all laws to the fullest extent as intended by Congress and State Legislative bodies. Plaintiff is informed and believes and thereon allege that BOARD had direct knowledge of the incidents alleged herein. By failing to take and proscribe action to protect S.W., BOARD acted with a flagrant disregard for her rights, safety and well-being. LOS ANGELES UNIFIED SCHOOL DISTRICT ("DISTRICT") was and is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate, and administer a system of public schools within the City of Los Angeles and County of Los Angeles, California.

7. At all times material herein, the LAUREL SPAN SCHOOL was a school within the of the Defendant DISTRICT, a public school where S.W. attended.

LAUREL SPAN SCHOOL is located at 925 N. Hayworth Ave, Los Angeles, CA 90046

8. Defendant AMY DIAZ, an individual and is a resident of the State of California and resident of the Central District of California. At all times relevant to the complaint, DIAZ was employed by BOARD & DISTRICT as a principal at LAUREL SPAN SCHOOL.

9. CHRISTIAN VILLANUEVA, an individual and is a resident of the State of California and resident of the Central District of California. At all times relevant to the complaint, DIAZ was employed by BOARD & District as a teacher at LAUREL SPAN SCHOOL.

10. Plaintiff is informed, believes, and based thereon alleges that at all times material herein, Defendant DOE 1–10, inclusive, were each employees, agents, or principles of DISTRICT or BOARD and at the time of the acts hereinafter complained of, each said Defendant acted in the course and scope of such employment and under color of law. They are sued in their individual capacity.

11. The true names of Defendant DOE 1–10, inclusive, are not now known to Plaintiff, who therefore sues said Defendants by such fictitious names. Upon ascertaining the true name of a DOE Defendants, Plaintiff will amend this complaint, or seek leave to do so, by substitution same for a said fictitious name. Plaintiff is informed and believes, and based thereon allege, that each DOE Defendant herein is in some manner responsible for the injuries and damages complained of herein.

12. At all times material herein, each Defendant DISTRICT acted as an employee, agent, representative, and officer of every other Defendant herein, and acted within the course and scope of such employment and agency.

**FACTS COMMON TO ALL COUNTS**

13. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein. Ms. Pitts and S.W. are African-American.

14. During the month of September 2017, Rashunda Pitts would pick up her daughter S.W. from LAUREL SPAN SCHOOL. After school, S.W. would vibrantly share her day with her mother. However, S.W. changed.

15. On or about late September, Pitts noticed that S.W.'s mood after school changed. For over a two-week period, S.W. became very quiet and reserved. Ms. Pitts asked S.W. what was bothering her and her daughter stated that she was okay or that she was tired. Ms. Pitts did not want to pressure her daughter to talk about what was bothering her, so she left the subject alone.

16. On or about October 24, 2017, at approximately 7:45 a.m., while Ms. Pitts dropped her daughter at school, she noticed a cotton field located on the school's property. Bewildered as to why a cotton field would be growing in Hollywood, California, let alone on public school property, she called the front office to speak with the principal about the cotton field. The principal, Amy Diaz, was unavailable. Therefore, she spoke with Assistant Principal Brian Wisniewski.

17. Mr. Wisniewski enthusiastically informed her that the children in S.W.'s class were reading the autobiography of Frederick Douglass and "picking cotton" was one of the experiences that he wrote about in the autobiography. He further explained that the cotton field was planted so that the students could have a "real life experience" of what it was like to be a slave by "picking cotton" (hereinafter referred to the "Cotton Picking Project").

18. Completely incensed with the idea that the school would have her daughter and other children "pick cotton" as a school exercise to identify with the real-life experience of African-American slaves, Ms. Pitts expressed her disappointment and hurt in regards to the culturally insensitive and incompetent project. After listening

to Ms. Pitt's concerns, Mr. Wisniewski ultimately agreed that the project was inappropriate and stated that he would have Defendant Diaz contact her to discuss the Cotton Picking project.

19. On that same day, Ms. Pitts spoke with Defendant Diaz and reiterated her concerns and requested that the cotton field be removed in 24 hours. Defendant Diaz replied that the cotton field could not be taken down so quickly but that she would try for the end of the week or the following week but couldn't commit to any of those timeframes either. Ms. Pitts informed Mrs. Diaz that she would be contacting the press and would be at the school the following day.

20. On that night, Ms. Pitts talked to her daughter about the Cotton Picking Project. Her daughter told her that her social justice teacher, Defendant Villanueva, required the students to "pick cotton" to gain a real-life experience as to what the African-American slaves had endured. S.W. further explained that discussion of the project in school terrified her and she horrified at the idea of having to "pick cotton". She told Ms. Pitts that Mr. Villanueva did not force her "pick cotton" but that she had to watch the other students "pick cotton" while she tended to other crops that were being grown. S.W., who is also a 4.0 student, told her mother that she was afraid to tell her about the Cotton Picking Project because she did not want her teachers to get mad at her and possibly retaliate against her for complaining by giving her bad grades or failing to acknowledge her in the honor roll assembly as the school had done before. None of the Defendants obtained the parent's permission to participate in the Cotton Picking project. None of the Defendants informed the parents about the Cotton Picking project prior to its implementation.

21. The following day, Ms. Pitts arrived at Laurel Span School with Angie Crouch of NBC Universal. Prior to their arrival, Ms. Crouch had contacted Laurel Span School to receive a statement regarding the cotton-picking project. Ms. Crouch received an email from Samuel C. Gilstrap, Public Information Officer for LAUSD stating:

> "We regret that an instructional activity in the garden at Laurel School was construed as culturally insensitive. Tending to the garden where a variety of fruits, vegetables and other plants grow is a school-wide tradition that has been in place for years and has never been used as a tool to re-enact historical events. When school administrators became aware of a parent's concern about the cotton plant, they responded immediately by removing the plant. L.A. Unified remains committed to providing a safe, welcoming and nurturing learning environment for all students."

22. LAUSD's statement directly contradicts the explanation that was given to Ms. Pitts and Laurel Span School students regarding the cotton field and exercise of "picking cotton." Moreover, the LAUSD's statement represents an acknowledgment that the school district recognized that Laurel Span School's Cotton Picking Project, as explained to Ms. Pitts and the Laurel Span School students, was discriminatory and harmful to the students. The District's response was a lie to cover up the discriminatory conduct.

23. Plaintiff believes and, hereupon, allege that Los Angeles Unified School District and Laurel Span School discriminated against S.W. on the basis of her race and sex as an African-American female. As a result of the aforementioned discriminatory conduct, S.W. has suffered extreme emotional distress. She has uncontrollable anxiety attacks and has experiences bouts of depression when she thinks about the Cotton Picking Project.

## MONELL ALLEGATIONS

24. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

25. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant LAUSD & BOARD is liable for

all injuries sustained by Plaintiff set forth herein. LAUSD & BOARD bears liability because its policies, practices and/or customs were a cause of Plaintiff's injuries. LAUSD & BOARD and its officials maintained or permitted one or more of the following official policies or customs:

    A.    Failure to provide adequate training and supervision to teachers with respect to constitutional limits on the use of racial discrimination;

    B.    Failure to adequately investigate, take appropriate corrective action, discipline or retrain teachers involved in misconduct;

    C.    Selection, retention, and assignment of officers with demonstrable propensities for racial discrimination, dishonesty and other misconduct;

    D.    Condonation and encouragement of teachers in the belief that they can violate the rights of persons, such as the Plaintiff, with impunity, and that such conduct will not adversely affect their employment opportunities for promotion and other employment benefits.

    E.    Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct against Plaintiff.

    F.    Directed public information to misled the public about complaints of misconduct to cover-up discrimination.

26.    Defendant BOARD was well aware of their need to train their employees to ensure teachers and staff to provide a racial discrimination free educational experience for all of its students.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983 AND TITLE VI OF THE 1964 CIVIL RIGHTS ACT
**(**PLAINTIFF against all DEFENDANT DIAZ and VILLANUEVA and DOES 1–10)

27. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

28. Defendants' above-described conduct violated Plaintiff's right to be free from discrimination by and/or within any educational program or activity which receives federal financial assistance. Wherefore, Plaintiff requests relief as set forth in the Request for Relief below.

29. Further Defendants' aforementioned conducted violated S.W. right to education under the California Constitution. This conduct also violated Title VI of the Civil Rights Act.

30. Due to BOARD's agents and employees' failure to provide a non-racially discriminatory primary level education, S.W. was wrongfully denied educational services to which she was otherwise entitled, based on her protected class as an African American, and suffered humiliation, discrimination, inconvenience, loss of fundamental statutory rights, and loss of educational and developmental opportunities, all to her damage

31. The acts and omissions of Defendant DIAZ and VILLANUEVA were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages. Plaintiff does not seek exemplary and punitive damages against the public entity, Defendant BOARD.

32. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983 AND EQUAL PROTECTION CLAUSE OF THE UNITED STATES
(PLAINTIFF against all DEFENDANT DIAZ and VILLANUEVA and DOES 1–10)

33. Plaintiff hereby incorporates each of the allegations of this Complaint as if

fully set forth herein, and further alleges as follows:

34.  S.W. was treated differently and less favorably than similarly situated students who were not African American by employees and agents of BOARD, as more fully set forth in this complaint.

35.  Through their actions, policies, educational practices and conduct directed at S.W. and, on information and belief, other African American students, Defendants deprived Plaintiff of her constitutional right to equal protection under the law in violation of 42 U.S.C. § 1983 and the 5th and 14th Amendments to the Constitution of the United States, because Defendants' practices constitute differential treatment solely on the basis of race, and without probable cause observed and determined on an individual, case-by-case basis.

36.  Defendants intentionally, purposefully and willfully caused the deprivation of plaintiff's constitutional rights to equal protection under the law.

37.  At all relevant times, defendants acted under the color of state law in willfully and purposefully depriving plaintiff of constitutionally guaranteed rights.

38.  When S.W.'s mother brought her complaints to the attention of LAUSD and its agents, the reaction has been to act as if the claim was without merit, or lied to cover up the incident. To this point, no action has been taken to address Plaintiff's complaints.

## THIRD CAUSE OF ACTION

**Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)**

(PLAINTIFF against all DEFENDANT BOARD and DOES 1-10)

39.  Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

40.  On or about October 24, 2017, Defendant BOARD's action under the color of state law in their personal capacity deprived Plaintiff of the rights, privileges, and immunities secured by the Equal Protection Clause under the United Sates Constitution, by maintaining and enforcing a custom, policy, or practice of

negligently hiring, retaining, training, assigning, supervising and disciplining personnel (principals, teachers, and support staff) who are predisposed to racial discrimination, and of permitting, condoning, and ratifying violations by administrations.

41. On or about October 24, 2017, and for some time prior thereto and since that time, Defendants have condoned, tolerated, and accepted:

    a.    the deliberate indifference in the use of racial discrimination against students by faculty and staff.

42. Said acts and omissions, practices, customs, or policies by Defendants were the driving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

## FOURTH CAUSE OF ACTION
## EQUAL PROTECTION VIOLATION UNDER THE CALIFORNIA CONSTITUTION

(PLAINTIFF against all DEFENDANTS DIAZ and VILLANUEVA, DOES 1–10

43. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein

44. The practices described herein violate S.W.'s right to the equal protection of the laws as guaranteed by Article I, Section 7 of the California Constitution because Defendants' practices constitute differential treatment solely on the basis of race, and without probable cause observed and determined on an individual, case-by-case basis.

45. As a direct and proximate result of Defendants' conduct as alleged herein, S.W. has been discriminated against because of her race; greatly inconvenienced; denied educational services to which she is entitled; and otherwise humiliated

46. Unless restrained or enjoined by this court, Defendants will continue to subject S.W., and on information and belief, other African American students, to unfair and inadequate education services, wrongful deprivation of education

services, shame, humiliation, inconvenience, loss of fundamental statutory rights, and loss of educational and developmental opportunities, all to Plaintiff's damage

47. S.W. has no plain, speedy, or adequate remedy at law, and for that reason, she seeks declaratory and injunctive relief.

48. As a result of the conduct of Defendants, individually and as administrators; she is liable for Plaintiff's injuries. As a direct and proximate result of the actions of Defendants, S.W. has suffered serious physical and emotional injuries, including, but not limited to, extreme emotional upset, anxiety, ridicule, physical upset, emotional distress, post-traumatic stress, loss of educational opportunity, cost and expense of medical and psychological services and other educational services. The full extent of S.W.'s injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

49. The acts and omissions of DIAZ and VILLANUEVA and DOES 1-10 were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling her to an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE UNRUH ACT
### (California Civil Code § 51)

(PLAINTIFF against DEFENDANT DIAZ and VILLANUEVA and DOES 1-10)

50. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

51. The Unruh Act provides that "[a]ll persons within the jurisdiction of California are free and equal, and no matter what their disability, are entitled to full and equal accommodations, advantages, facilities, privileges or services in all businesses." California Courts have consistently held that school districts are business establishments within the current meaning and legislative intent of the Act.

52. S.W. has an inalienable right to participate fully in the educational process

free from discrimination, abuse and harm.

53. Plaintiff's further allege that the Defendants have an affirmative obligation to provide equal educational opportunity to S.W. free from any form of discrimination.

54. In doing the acts as alleged throughout this complaint, Defendants acted intentionally and with a conscious and flagrant disregard of S.W.'s rights to be educated in an environment free from discrimination.

55. As a direct and proximate result of the acts and omissions of Defendants and each of them, S.W. has suffered severe and permanent physical, emotional and economic injury, including, but not limited to, exacerbation of existing medical and psychological conditions, post-traumatic stress disorder, extreme anxiety, humiliation, embarrassment, ridicule and attorney's fees. The full extent of S.W's injuries and damages are not known at this time. Plaintiffs will articulate their extent once ascertained with particularity.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE BANE ACT
## (Cal. Civil Code §§ 52 and 52.1)

(PLAINTIFF against DEFENDANTS DIAZ and VILLANUEVA and DOES 1-10)

56. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

57. As alleged herein, Defendants DIAZ, VILLANUEVA and DOES 1-10 interfered by intimidation, or coercion with Plaintiff's rights under state and federal laws and under the state and federal constitution including, without limitation, the right to education free from discrimination, including, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

58. Defendants DIAZ, VILLANUEVA and DOES 1-10, by engaging in deliberate indifference to Plaintiff's education needs, interfered with Plaintiff's

enjoyment of his rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

59. Defendants DIAZ, VILLANUEVA, and DOES 1-10 conduct caused Plaintiff extreme pain and suffering.

60. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

## SEVENTH CAUSE OF ACTION
## Negligence
## (Against ALL DEFENDANTS)

61. Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

62. At all times relevant, DEFENDANTS and each of them had official and actual notice of the significant risk of harm and abuse which S.W. endured from October 2017. Plaintiff alleges that each DEFENDANT are vested with the responsibility of standing in the shoes of the parents and guardians of the children entrusted to their care. In accordance with the doctrine of in loco parentis, the DEFENDANTS possessed an independent and affirmative duty to protect the safety and welfare of their students.

63. California Education Code §49000 and its litany mandate that children of school age are at the most vulnerable and impressionable period of their life, and it is wholly reasonable that the safeguards to the integrity and sanctity of their bodies should be at least equal to that afforded other citizens. California Education Code §220 states in pertinent part that "No person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, **race or ethnicity**."

64. Plaintiff allege that the foregoing statutes are amongst the most salient designed to protect children like S.W. from the kind of harm she suffered at the hands of Defendants and each of them.

65. Each of DEFENDANT possessed an ongoing duty to protect and insure S.W.'s safety and well-being while under their care and supervision.

66. Each DEFENDANT possessed an ongoing duty to provide S.W. with a safe, structured, supportive educational environment and experience, free from hostility, physical and psychological restraint, humiliation, harassment, intimidation and discrimination. Moreover, each DEFENDANT individually and collectively, possessed the knowledge, power and authority, or should have possessed the knowledge, power, and authority, to rectify the intolerable conditions and abuses S.W. experienced in both the school environment and during his home programs.

67. DEFENDANTS breached their duty of care to S.W. by forcing S.W. to pick cotton to re-enact slavery.

68. Moreover, Plaintiff is informed and believe and thereon allege, that the DEFENDANTS failed and refused to report the incidents complained of in an effort to avoid liability and to create sufficient time and opportunity to devise their own version of the incidents in order to avoid the obvious liability therefrom.

69. In doing the acts and omissions as herein alleged, DEFENDANTS engaged in acts and omissions which fell far below the standard of care owed to S.W. In so doing, the DEFENDANTS breached their respective duties of care by exposing S.W. to continued and unreasonable risk of harm and abuse.

70. As a direct and proximate result of the acts and omissions of DEFENDANTS and each of them, S.W. has suffered severe and permanent physical, emotional and economic injury, including, but not limited to, exacerbation of existing medical and psychological conditions, post-traumatic stress disorder, extreme anxiety, humiliation, embarrassment, ridicule, attorneys' fees. The full extent of S.W.'s

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

injuries and damages are not known at this time. Plaintiffs will articulate their extent once ascertained with particularity.

## PRAYER

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against Defendant DIAZ, VILLENUVA and DOES 1-10;
4. For prejudgment interest;
5. For attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988 & Civ. Code § 52.1(h);
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

Date: March 5, 2019                                        **PLC LAW GROUP, APC**

/s/ *Na'Shaun L. Neal*
Peter L. Carr, IV
Na'Shaun L. Neal
Attorney for Plaintiff
Plaintiff S.W., by and through her
Guardian Ad Litem, Rashunda Pitts

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: March 5, 2019  **PLC LAW GROUP, APC**

/s/ *Na'Shaun L. Neal*

Peter L. Carr, IV
Na'Shaun L. Neal
Attorneys for Plaintiff
Plaintiff S.W., by and through her
Guardian Ad Litem, Rashunda Pitts