DAVID HOLMQUIST, General Counsel (SBN 179872)
DEVORA NAVERA REED, Associate General Counsel II (SBN 188675)
PATRICK J. BALUCAN, Assistant General Counsel II (SBN 200655)
E-mail: patrick.balucan@lausd.net
Office of General Counsel
Los Angeles Unified School District
333 South Beaudry Avenue, 20th Floor
Los Angeles, California 90017
Telephone: (213) 241-7600
Facsimile: (213) 241-3311

Attorneys for DEFENDANTS BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT and CHRISTIAN VILLANUEVA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.W., a minor, by and through her guardian ad litem, RASHUNDA PITTS, <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity, AMY DIAZ, individually and in her official capacity an educator with LOS ANGELES UNIFIED SCHOOL DISTRICT; CHRISTIAN VILLANUEVA, individually and in his official capacity an educator with LOS ANGELES UNIFIED SCHOOL DISTRICT and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 2:19-cv-01702-ODW-JC <br><br> **ANSWER OF DEFENDANTS BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT AND CHRISTIAN VILLANUEVA** <br><br> FEE EXEMPT PURSUANT TO GOV. CODE §6103 |

Doc# 702612

TO PLAINTIFFS, S.W., a minor, by and through her guardian ad litem, RASHUNDA PITTS:

COMES NOW Defendants BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT ("District") and CHRISTIAN VILLANUEVA ("Villanueva") (collectively referred to as "Defendant"), and for themselves only, and answer Plaintiffs' Complaint as follows:

## ANSWER

## JURISDICTION AND VENUE

1.     Answering Paragraph 1 of the Complaint, Defendants admit that the Court has jurisdiction pursuant to Section 1331 of Title 28 of the United States Code.  Except as admitted herein, Defendants allege that the statutes and Constitutional provisions cited therein speak for themselves.  Moreover, the paragraph is argumentative and/or sets forth legal contentions.  Therefore, except as admitted herein, Defendants lack information or belief sufficient to admit or deny the remaining allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

2.     Answering Paragraph 2 of the Complaint, Defendants admit that the Court has supplemental jurisdiction pursuant to Section 1367 (a) of Title 28 of the United States Code.

3.     Answering Paragraph 3 of the Complaint, Defendants admit that venue is proper under 28 U.S.C section 1391.

## CLAIMS STATUTE REQUIREMENT

4.     Answering Paragraph 4 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

## PARTIES

5.     Answering Paragraph 5 of the Complaint, Defendants lack information or

Doc# 702612

belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

6.    Answering Paragraph 6 of the Complaint, Defendants admit that DEFENDAND BOARD OF EDUCATION OF THE LOS ANGELES UNIFIED SCHOOL DISTRICT was and is a legal entity for purposes of suit within the State of California. Defendants admit that LOS ANGELES UNIFIED SCHOOL DISTRICT was and is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate and administer a system of public schools within the City of Los Angeles and County of Los Angeles, California. However, the paragraph is argumentative and/or sets forth legal contentions. Therefore, except as admitted herein, Defendants lack information or belief sufficient to admit or deny the remaining allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

7.    Answering Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8.    Answering Paragraph 8 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

9.    Answering Paragraph 9 of the Complaint, Defendants admit the allegation that Christian Villanueva is a resident of the State of California and resident of the Central District of California. Defendants lack information or belief sufficient to admit or deny that DIAZ was employed by Board and District as a teacher at Laurel Span School, on that basis, denies generally and specifically each and every allegation contained therein.

10.    Answering Paragraph 10 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

Doc# 702612

11.     Answering Paragraph 11 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

12.     Answering Paragraph 12 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

## FACTS COMMON TO ALL COUNTS

13.     Answering Paragraph 13 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-30 of the Complaint. Defendants lack information or belief sufficient to admit or deny the allegation that "Ms. Pitts and S.W. are African American", and on that basis, denies generally and specifically this allegation.

14.     Answering Paragraph 14 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

17.     Answering Paragraph 17 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

18.     Answering Paragraph 18 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

19.     Answering Paragraph 19 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained therein and, on that basis, denies generally and specifically each and every allegation contained therein.

## <u>MONELL ALLEGATIONS</u>

24.     Answering Paragraph 24 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-23 of the Complaint.

25.     Answering Paragraph 25 of the Complaint, Defendants allege that the case law cited therein speak for themselves.  Moreover, the paragraph is argumentative and/or sets forth legal contentions.  Therefore, on that basis, Defendants deny generally and specifically each and every allegation inconsistent with those provisions.

26.     Answering Paragraph 26 of the Complaint, Defendants allege that the paragraph is argumentative and/or sets forth legal contentions.  Therefore, on that basis, Defendants deny generally and specifically each and every allegation inconsistent with those provisions.

Doc# 702612

27.     Answering Paragraph 27 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-26 of the Complaint.

28.     Answering Paragraph 28 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 28.

29.     Answering Paragraph 29 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 29.

30.     Answering Paragraph 30 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 30.

31.     Answering Paragraph 31 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 31.

32.     Answering Paragraph 32 of the Complaint, deny generally and specifically each and every allegation contained in Paragraph 32.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 AND EQUAL PROTECTION CLAUSE**

**OF THE UNITED STATES**

33.     Answering Paragraph 33 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-32 of the Complaint.

34.     Answering Paragraph 34 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 34.

35.     Answering Paragraph 35 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 35.

36.     Answering Paragraph 36 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 36.

37.     Answering Paragraph 37 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 37.

38.     Answering Paragraph 38 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 38.

Doc# 702612

## THIRD CAUSE OF ACTION

## CUSTOM, PRACTICE OR POLICY CAUSING VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

39.     Answering Paragraph 39 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-38 of the Complaint.

40.     Answering Paragraph 40 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 40.

41.     Answering Paragraph 41 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 41.

42.     Answering Paragraph 42 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 42.

## FOURTH CAUSE OF ACTION

## EQUAL PROTECTION VIOLATION UNDER THE CALIFORNIA CONSTITUTION

43.     Answering Paragraph 43 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-42 of the Complaint.

44.     Answering Paragraph 44 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 44.

45.     Answering Paragraph 45 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 45.

46.     Answering Paragraph 46 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 46.

47.     Answering Paragraph 47 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 47.

48.     Answering Paragraph 48 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 48.

49.     Answering Paragraph 49 of the Complaint, Defendants deny generally and

Doc# 702612

specifically each and every allegation contained in Paragraph 49.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE UNRUH ACT
### (California Civil Code § 51)

50.     Answering Paragraph 50 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-49 of the Complaint.

51.     Answering Paragraph 51 of the Complaint, Defendants allege that the Unruh Act and rulings from California Courts speak for themselves, and on that basis, Defendants deny generally and specifically each and every allegation inconsistent with those provisions.

52.     Answering Paragraph 52 of the Complaint, Defendants allege that the statute referenced therein speaks for itself.   Moreover, the paragraph is vague, argumentative and/or sets forth legal contentions.   Therefore, on that basis, Defendants deny generally and specifically each and every allegation inconsistent with those provisions.

53.     Answering Paragraph 53 of the Complaint, Defendants allege that the statute referenced therein speaks for itself.   Moreover, the paragraph is vague, argumentative and/or sets forth legal contentions.   Therefore, on that basis, Defendants deny generally and specifically each and every allegation inconsistent with those provisions.

54.     Answering Paragraph 54 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 54.

55.     Answering Paragraph 55 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 55.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE BANE ACT
### (California Civil Code §§ 52 and 52.1)

Doc# 702612

56.     Answering Paragraph 56 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-55 of the Complaint.

57.     Answering Paragraph 57 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 57.

58.     Answering Paragraph 58 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 58.

59.     Answering Paragraph 59 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 59.

60.     Answering Paragraph 60 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 60.

**SEVENTH CAUSE OF ACTION**

**NEGLIGENCE**

61.     Answering Paragraph 61 of the Complaint, Defendants incorporate as though set forth in full its response to Paragraphs 1-60 of the Complaint.

62.     Answering Paragraph 62 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 62.

63.     Answering Paragraph 63 of the Complaint, Defendants allege that California Education Codes section 49000 and section 220 speak for themselves.  Moreover, the paragraph is argumentative and/or sets forth legal contentions.  Therefore, on that basis, Defendants deny generally and specifically each and every allegation inconsistent with those provisions.

64.     Answering Paragraph 64 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 65.

66.     Answering Paragraph 66 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 66.

Doc# 702612

67.     Answering Paragraph 67 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 67.

68.     Answering Paragraph 68 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 68.

69.     Answering Paragraph 69 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 69.

70.     Answering Paragraph 70 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 70.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against this answering Defendant because it is uncertain.

### THIRD AFFIRMATIVE DEFENSE

None of the alleged acts or omissions of this answering Defendants or any of their agents or employees, in part or in total, were a substantial factor in bringing about the alleged injuries of Plaintiff and subsequent damages or loss alleged by Plaintiff, and, therefore, were not a contributing cause, but instead are superseded by the acts or omissions of Plaintiff and/or others, which were independent, intervening, and the proximate cause of the damages and loss alleged by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

This answering Defendants alleges that pursuant to the provisions of *Government Code* §815, a public entity is not liable for any injury, whether such injury arises out of an act or omission of the public entity or a public employee, or any other person, unless there is express statutory liability for the said act or

omission, and even such statutory liability is subject to any statutory immunity of the public entity, and is further subject to any defenses that would be available to the public entity if it were a private person.

## FIFTH AFFIRMATIVE DEFENSE

This answering Defendants alleges that pursuant to the provisions of *Government Code* §815.2, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## SIXTH AFFIRMATIVE DEFENSE

This answering Defendants alleges that there is no liability, as any and all mandatory duties imposed were discharged with reasonable diligence pursuant to the provisions of *Government Code* §815.6.

## SEVENTH AFFIRMATIVE DEFENSE

There is no liability as all responsibility to supervise, if any, was exercised with due care.

## EIGHTH AFFIRMATIVE DEFENSE

Any act or omission of any employee or agent of these answering Defendants that may have contributed to Plaintiff's injuries, if any, were the result of the exercise of the discretion invested in this answering defendant's agents or employees, and, therefore, this answering defendant is immune from liability pursuant to *California Government Code* § 820.2.

## NINTH AFFIRMATIVE DEFENSE

Defendants acted reasonably under the circumstances and facts known to the District at the time of any and all incidents complained of by Plaintiff. Said Defendants employees acted in the manner which they determined, in their discretion, would provide for the maximum safety and welfare of the students they were required to supervise and protect.

Doc# 702612

### TENTH AFFIRMATIVE DEFENSE

School districts and their instructors are not insurers of safety and this answering Defendants did not intentionally injure Plaintiff and/or engage in reckless conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering defendant is informed and believes and thereon alleges that at all times material to the Complaint, Plaintiff was negligent and failed to exercise ordinary care for his own safety, or that amount of care and caution which reasonably prudent persons or entities would or should have exercised in the same or similar circumstances; that by reason of Plaintiff's comparative negligence, Plaintiff's recovery, if any, should be diminished by that percentage amount that Plaintiff's negligence legally caused and contributed to any alleged loss and/or damage.

### TWELFTH AFFIRMATIVE DEFENSE

That if Plaintiff was injured or damaged in any manner whatsoever, it occurred as a direct and legal result of known, obvious and apparent dangers to which plaintiff voluntarily exposed herself; thereby intentionally and voluntarily assuming all risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff, through the exercise of reasonable effort, could have mitigated her amount of damages, if any, but Plaintiff failed and refused, and continues to fail and refuse to mitigate her damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

The full responsibility for the control of the situation, injuries and damages passed to a third person or persons whose acts or omissions resulted in a superseding and intervening cause.

### FIFTEENTH AFFIRMATIVE DEFENSE

Doc# 702612

That the injuries and damages, if any, of which plaintiff complains, were legally caused or contributed to solely by the acts of third persons and/or entities, and that said acts were an intervening and superseding cause of injuries and damages, if any, of which the Plaintiff complains, thus barring plaintiff from any recovery against this answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

The rights of plaintiff to recovery herein, if any right exists, are reduced and limited to the percentage of negligence, if any, attributable to this answering defendant, pursuant to *California Civil Code* § 1431.2.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, persons, both served and unserved, named and unnamed, in some manner or percentage were responsible for plaintiffs' injuries or damages, if any, and these answering Defendants requires an order from the trier of fact setting forth a percentage of fault of each and every person, named and unnamed, served and unserved, and the proportion of their several liability for non-economic damages, pursuant to the provisions of *California Civil Code* § 1431, et. seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

That plaintiff's causes of action, if any, are barred by the applicable statues of limitations and including, but not limited to, the provisions of *California Code of Civil Procedure* §§ 335.1, 337.1, 338, 340 and 343 of the, and §§ 911.2 and 945.6 of the *California Government Code*.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery herein, in whole or in part, by failure to comply with the Tort Claims Act, *California Government Code*, §§ 900 et seq and §945.4.

## TWENTIETH AFFIRMATIVE DEFENSE

Doc# 702612

This answering Defendant is not vicariously responsible for the conduct of another party or person.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery herein in whole or in part, because Defendant alleges that it complied with all applicable provisions of the Education Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Recovery on the Complaint by Plaintiff is barred, in whole or in part, by the Doctrine of Unclean Hands and the inequitable conduct of Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each of its purported causes of action therein are barred by the Doctrine of Waiver.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each of its purported causes of action therein are barred by the Doctrine of Estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each of its purported causes of action therein are barred by the Doctrine of Laches.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or belief as to whether they may have additional affirmative defenses available and therefore reserve the right to assert any additional defenses in the event that they are discovered to be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief from this Court that:

1.    Plaintiffs take nothing by this Complaint;

2.    The Complaint be dismissed in its entirety with prejudice;

3.    Judgment be entered against Plaintiffs and in favor of Defendants; and

Doc# 702612

ANSWER OF DEFENDANTS BOARD OF EDUCATION FOR THE LOS ANGELES UNIFIED SCHOOL DISTRICT AND CHRISTIAN VILLANUEVA

1  Defendants be awarded their costs of suit, attorneys' fees, and such further relief as

2  the Court deems appropriate.

3

4  Dated:  June 19, 2019                    Respectfully submitted,

5

6

7                                                    / s /

8                                                    PATRICK J. BALUCAN
                                                     Attorney for Defendants
9                                                    BOARD OF EDUCATION FOR THE LOS
                                                     ANGELES UNIFIED SCHOOL DISTRICT
10                                                   and CHRISTIAN VILLANUEVA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc# 702612