**O**

# United States District Court
# Central District of California

| | |
|---|---|
| S.W.,<br><br>                      Plaintiff,<br><br>         v.<br><br>BOARD OF EDUCATION FOR LOS<br>ANGELES UNIFIED SCHOOL<br>DISTRICT, et al.,<br><br>                      Defendants. | Case № 2:19-cv-01702-ODW (JCx)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR<br>RECONSIDERATION [50]** |

## I.    INTRODUCTION

On April 26, 2022, the Court dismissed this case for lack of prosecution.  (Order Dismissing Case for Lack of Prosecution ("Dismissal Order"), ECF No. 49.)  Plaintiff S.W. now moves for reconsideration of the Dismissal Order.  (Mot. Recons. ("Motion" or "Mot."), ECF No. 50.)   For the reasons below, the Court **DENIES** Plaintiff's Motion.[1]

## II.    BACKGROUND

As alleged in Plaintiff S.W.'s Complaint, on or about October 24, 2017, S.W's mother, Rashunda Pitts, noticed a cotton field located on school property where S.W.

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

attended school.    (Compl.  ¶ 16,  ECF  No. 1.)    Pitts  spoke  with  Assistant Principal Brian Wisniewski, who informed Pitts that S.W.'s teacher, Christian Villanueva, had the cotton field planted so that students could have a "real life experience" of what it was like to be a slave by picking cotton.  (*Id.* ¶ 17.)  Pitts expressed her disappointment and her belief that the cotton-picking project was culturally insensitive, and Wisniewski agreed.  (*Id.* ¶ 18.)  Pitts then spoke with Principal Amy Diaz and requested that the cotton field be removed within 24 hours. (*Id.* ¶ 19.)  Diaz informed Pitts that she would try to have the cotton field removed by the following week.  (*Id.*)

On March 7, 2019, S.W. filed a Complaint in the United States District Court, Central District of California, against the Board of Education for Los Angeles Unified School District ("School Board"); Amy Diaz; and Christian Villanueva, asserting seven causes of action: (1) violation of 42 U.S.C. § 1983 and Title VI of the 1964 Civil Rights Act; (2) violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution; (3) custom, practice, or policy causing violation of civil rights under 42 U.S.C. § 1983; (4) Equal Protection violation under the California Constitution; (5) violation of the Unruh Act, California Civil Code § 51; (6) violation of the Bane Act, California Civil Code §§ 52 and 52.1; and (7) negligence.

The Court originally set trial for October 13, 2020, with pretrial documents due September 7, 2020.    (Scheduling & Case Management Order, ECF No. 39.)    The parties jointly requested a continuance, and on July 20, 2020, the Court granted the parties' request, continuing trial to April 13, 2021, with pretrial documents due on March 15, 2021.  (Min. Order Granting Joint Mot. Continuing Trial, ECF No. 44.) The parties failed to file pretrial documents by March 15, 2021, as required.  Pursuant to the Central District's pandemic-related suspension of jury trials, the Court subsequently continued the trial to August 3, 2021, with pretrial documents due on July 5, 2021, and informed the parties that "[f]ailure to comply with Court orders may

constitute grounds for dismissal of this action."  (Min. Order, ECF No. 45.)  The parties again failed to file pretrial documents by July 5, 2021.

At that time, the pandemic-related suspension of jury trials was still in effect, so the Court again continued the trial, this time to May 24, 2022, with pretrial documents due on April 25, 2022.  (Min. Order, ECF No. 46.)  In that Minute Order, the Court noted that the parties had, at that point, twice failed to comply with the Court's orders to timely file pretrial documents.  (*Id.* at 2.)  The Court indicated in a bold paragraph at the end of the Minute Order that "the pretrial documents . . . must be filed no later than April 25, 2022.  Failure to timely comply with this Order may result in dismissal of this action, without further warning, for lack of prosecution and failure to comply with Court orders."  (*Id.*)

On April 25, 2022, the day the pretrial documents were due, S.W. filed two documents with the Court.  The first was a stipulation to continue the trial and pretrial deadlines.  (Stip., ECF No. 47.)  The second was a statement regarding the status of settlement negotiations.  (Statement, ECF No. 48.)  Neither party filed any pretrial documents.  Consequently, on April 26, 2022, the Court dismissed this case for failure to prosecute, finding "no justification for the failure to file pretrial documents."  (Dismissal Order 3.)

S.W. now moves for reconsideration of the Dismissal Order.  (*See* Mot.)  S.W. explains that the Court was not aware of S.W.'s efforts to meet and confer regarding a trial continuance and joint trial documents.  (*Id.* at 4.)  S.W. also offers reasons why no pretrial documents were filed.  (*Id.* at 5.)  The School Board does not oppose S.W.'s Motion.

## III.   LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  In the Central District of California, "motions for reconsideration are governed by Local Rule 7-18."  *Milton H. Greene*

*Archives v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008). Local Civil Rule 7-18 provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-15.  "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols., Inc.*, No. CV 12-6284 GAF (Ex), 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

## IV.   DISCUSSION

The Motion is denied because none of the Local Rule 7-18 grounds for reconsideration exist.

First, to the extent S.W. now points out any facts or law that they did not previously present to the Court, S.W. makes no attempt to show that they could not, with reasonable diligence, have known and presented those facts on April 25, 2022, when they filed their Stipulation and Statement.  The additional facts S.W. now proffers are additional details about the parties' settlement efforts and counsel's course of communications.  This information was, by definition, known to S.W.'s counsel as April 25, 2022, approached, and no reasonable justification exists for having failed to present it.  S.W. cannot credibly assert, based on the numerous warnings in the record of this case regarding the consequences of failure to file pretrial documents, that they did not understand the importance of making a complete showing to the Court by no later than April 25, 2022. Therefore, S.W.'s Motion

1    cannot be granted on the first grounds permitted by Local Rule 7-18.

2            Second, in the Motion, S.W. does not point to any material change in fact or

3    law that took place since the Court dismissed the case.   Therefore, S.W.'s Motion

4    cannot be granted on the second grounds permitted by Local Rule 7-18.

5            Third, S.W.'s Motion does not assert the Court manifestly failed to consider

6    material facts presented to it prior to dismissal.   Instead, S.W. contends "the Court was

7    not aware of Plaintiff's efforts to meet and confer regarding a trial continuance and

8    joint trial documents."  (Mot. 4.)  S.W.'s argument is not that the Court erred on the

9    facts that were before it; S.W.'s argument is that the Court would have ruled

10   differently had it been aware of these additional facts.   In any case, the observation

11   that S.W. still has not filed their own version of pretrial documents, either as an

12   exhibit to their reconsideration motion or at any other point, along with the multiple

13   previously missed deadlines leading up to that point, confirms for the Court that the

14   parties are not prepared for trial as ordered and that dismissal was not manifestly

15   erroneous.   *See Drayton v. Rinaldo*, No. 19-55765, 2022 WL 1451393, at *2–3

16   (9th Cir. May 9, 2022).   Therefore, S.W.'s Motion cannot be granted on the third

17   grounds for reconsideration permitted Local Rule 7-18.

18           Consideration of the factors set forth in *Ghazali v. Moran*, 46 F.3d 52, 53–54

19   (9th Cir. 1995), does not change the Court's conclusion with respect to any of these

20   findings.   Under *Ghazali*, in determining whether to dismiss an action for failure to

21   comply with Court orders, courts weigh: "(1) the public's interest in expeditious

22   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

23   prejudice to the defendants; (4) the public policy favoring disposition of cases on their

24   merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53

25   (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).   The Ninth

26   Circuit has recognized that the first and fourth factors cut in opposite directions. *See*

27   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that the first

28   factor always weighs in favor of dismissal), *superseded by statute on other grounds as*

recognized in *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating that the fourth factor always weighs against dismissal). The second and third factors weigh in favor of dismissal, as the Court must manage its docket to ensure the efficient provision of justice, and the risk of prejudice to the School Board appears slight.  As to the fifth factor, after having issued multiple warnings and granted multiple forbearances as described above, the Court is convinced that no lesser sanction is appropriate.   Four of the five *Ghazali* factors support dismissal, and dismissal is therefore warranted. *Hernandez*, 138 F.3d at 399 ("We may affirm a dismissal where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." (citations omitted)).

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.  (ECF No. 50.)

**IT IS SO ORDERED.**

July 8, 2022

_____

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**